NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR BELLO-NARANJO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4135

Agency No.
A240-741-882

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.[***]

Edgar Bello-Naranjo petitions for review of a decision of the Board of

Immigration Appeals ("BIA") denying his motion to reopen removal proceedings.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. The BIA did not abuse its discretion in denying Bello-Naranjo's motion to reopen. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). Generally, a motion to reopen must be filed within ninety days of the entry of a final administrative order of removal. *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016) (citing 8 U.S.C. § 1229a(c)(7)(C)(i)). "However, the ninety-day deadline . . . do[es] not apply if the motion to reopen is based on changed country conditions." *Agonafer*, 859 F.3d at 1203. To escape the time-bar, a petitioner must:

> (1) produce evidence of changed conditions in the country of removal;
>
> (2) demonstrate that the evidence is material;
>
> (3) show that the evidence was previously unavailable and could not have been discovered or presented at the prior hearing; and
>
> (4) establish prima facie eligibility for the underlying relief.

*See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

In support of his motion, Bello-Naranjo provided evidence that the Revolutionary Armed Forces of Colombia continued to threaten and extort him. However, this evidence largely corroborates claims already presented at his merits hearing before the Immigration Judge. *Agonafer*, 859 F.3d at 1204 ("Evidence that simply recounts previous conditions presented at a previous hearing or that is

voluminous but redundant is not sufficient to show a change in country conditions."). Nor does the evidence presented constitute new evidence, previously unavailable to Petitioner. Thus, Bello-Naranjo has not shown that country conditions have worsened sufficiently so as to provide prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. *Id.* at 1204 ("'The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim' now does." (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004))).

2. Petitioner also argues that the BIA abused its discretion and committed legal error in not *sua sponte* reopening his case after the U.S. Department of Homeland Security ("DHS") failed to file a response to his motion to reopen. "We ordinarily lack jurisdiction to review a Board decision denying sua sponte reopening," with the limited exception of a review for "legal or constitutional error." *Bonilla*, 840 F.3d at 588. Petitioner has not alleged any colorable legal or constitutional issues in the BIA's decision-making. Accordingly, we lack jurisdiction to review this claim. *Id.*

**PETITION DENIED.**[1]

---

[1] Petitioner's Motion to Stay Removal (Dkt. 22) is DENIED. Additionally, Petitioner Bello-Naranjo's Counsel's Motion to Withdraw (Dkt. 38) is DENIED as moot.